


**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| WILLA A. PEMBLETON, Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 3:22-3989-MGL |
| | § | |
| HONORABLE FRANK KENDALL, *SECAF*; NAJEE CRAWFORD, *Director of Human Resources*; COREY DENSON; COMMANDER 20TH FW; COMMANDER 20TH FSS; FRANCIS FAPPIANO; CAPT AMY A. ALLGOOD (ABRAMO); ERICA N. BROWN; JEROME C. BROWN; TANYA WYATT; CMSGT DONALD PEDRO; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES; and COMMANDER, 20TH LOGISTICS READINESS SQUADRON, Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION TO THE EXTENT PROVIDED HEREIN, GRANTING IN PART AND DISMISSING WITHOUT PREJUDICE IN PART DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DISMISSING CERTAIN CLAIMS AS DESCRIBED HEREIN, AFFIRMING THE MAGISTRATE JUDGE'S RULINGS, AND DEEMING AS MOOT PLAINTIFF'S MOTION TO CORRECT DESIGNATION**

## I. INTRODUCTION

Plaintiff Willa A. Pembleton (Pembleton), proceeding pro se, alleges employment discrimination through a variety of causes of action, addressed below, against the above-named Defendants.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Defendants Honorable Frank Kendall, USAF; Najee Crawford; Corey Denson; Commander 20th FW; Commander 20th FSS; Francis Fappiano; Captain Amy A. Allgood; Tanya Wyatt; CMSgt Donald Pedro; and Commander, 20th Logistics Readiness Squadron's (collectively, Federal Defendants) motion to dismiss and/or for summary judgment, deny Pembleton's motion for default judgment against Defendants Jerome C. Brown, Erica N. Brown, and the American Federation of Government Employees (collectively, Union Defendants), and dismiss the amended complaint in full.

Also before the Court is Pembleton's construed appeal of the Magistrate Judge's rulings within the Report denying her motions for clarification, opposing consolidation, and for accommodation (collectively, the Rulings). The Report and the Rulings were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Pembleton, a former employee of the Air Force, alleges Federal Defendants discriminated against her. She asserts this resulted in disciplinary action, and ultimately her termination. She claims Union Defendants failed to meet their obligations to her in helping resolving her allegations. The Report sets out a comprehensive description of the facts, which the Court incorporates as necessary into its analysis below.

The Magistrate Judge filed the Report, including the Rulings, on September 15, 2023. Pembleton objected on November 2, 2023, and Federal Defendants replied on November 21, 2023.

## III. THE MAGISTRATE JUDGE'S JURISDICTION

Impacting both the Report and the Rulings, Pembleton contends the Magistrate Judge lacks jurisdiction in this case because she failed to consent to proceedings before the Magistrate.

As the Magistrate Judge explained, however,

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1). Consent of the parties is unrequired under this provision.

Although Pembleton may wish her case was before a different Magistrate Judge, or no Magistrate Judge at all, she has failed to provide any good reason for this Court to remove this Magistrate Judge from her case. And, as evidenced by this order, any reports and recommendations and orders issued by the Magistrate Judge are subject to review by this Court.

Therefore, the Magistrate Judge properly issued the Report and the Rulings, and the Court will consider each under the standards set forth below.

## IV. THE REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

For the most part, Pembleton makes nothing more than non-specific objections to the Report. Nevertheless, in an abundance of caution, the Court has teased out several arguments, which it will briefly address below. Moreover, it has reviewed the Report and the record de novo and found no error. For clarity of analysis, the Court will group Pembleton's arguments and discuss each group in turn.

With dismissal of the claims discussed below, and those claims for which Pembleton failed to make any specific objection, the Court will have dismissed all claims against Union Defendants.

### *A. Whether the Court should dismiss Pembleton's claim under* **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971)*

Pembleton appears to quibble with the applicability of a single analogous case cited by the Magistrate Judge in a footnote, but otherwise fails to provide any objection to the Magistrate Judge's determination that a plaintiff is precluded from bringing a claim under *Bivens* to address discrimination in federal employment. Federal Defendants contend Pembleton fails to substantively challenge the Magistrate Judge's *Bivens* analysis.

Even excluding the disputed case, the Court agrees with the Magistrate Judge's analysis and determines a *Bivens* cause of action is improper in this case. Accordingly, the Court will overrule Pembleton's objection and dismiss this claim without prejudice.

***B. Whether the Court should dismiss Pembleton's Privacy Act, 5 U.S.C. § 552a,* et seq.*, claims***

Pembleton states in her objections "[t]he purpose of inclusion of the Privacy Act violations were not to pursue claims, but to show the extent that the [Federal] Defendants were willing to pursue in order to terminate [Pembleton] from her employment[.]" Objections at 30.

Thus, it appears Pembleton consents to dismissal of any construed claims under the Privacy Act. The Court will therefore dismiss this cause of action without prejudice.

***C. Whether the Court should dismiss Pembleton's defamation claims***

Pembleton insists her defamation claims are cognizable under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*. Federal Defendants maintain the FTCA precludes the bringing of intentional torts against the United States.

As the Magistrate Judge explained, although the FTCA offers a general waiver of sovereign immunity for torts committed by government employees, 28 U.S.C. § 1346(b), "[a]ny claim arising out of . . . libel [or] slander" is an exception to this waiver, *id.* § 2680(h).

Pembleton's defamation claim falls into the libel or slander exception. Thus, the United States has failed to waive sovereign immunity as to her defamation claims. The Court will therefore overrule Pembleton's objections and dismiss her defamation claims without prejudice.

***D. Whether the Court should dismiss Pembleton's Civil Service Reform Act (CSRA), codified in various sections of 5 U.S.C., claims, and Merit System Protection Board (MSPB) claims***

First, Pembleton fails to object to the Magistrate Judge's determination this Court, the MSPB, and the Federal Circuit all lack jurisdiction over her termination claims because she filed a grievance under the collective bargaining agreement, rather than following the CSRA procedures

as to those claims. Therefore, the Court will dismiss Pembleton's CSRA and MSPB claims related to her termination without prejudice.

Second, as to her other CSRA and MSPB claims, which Pembleton brought before the MSPB, Pembleton contends this Court has jurisdiction because she brought a "mixed claim" that is appealable to the district court. Federal Defendants fail to address this argument in their reply.

Pembleton is correct that a mixed claim—based upon an action appealable to the MSPB in which the claimant also alleges discrimination—is subject to judicial review in federal district court. *Zachariasiewicz v. U.S. Dep't of Just.*, 48 F.4th 237, 243 (4th Cir. 2022) (citing *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 423 (2017)).

Absent from the MSPB decision in this case, however, is any consideration of a mixed claim.

The CSRA provides that, under certain circumstances, "an employee may appeal a major personnel action, such as termination, directly to the MSPB" *Id.* at 242 (citation omitted) (internal quotation marks omitted). On the other hand, "[t]o challenge other, less serious personnel actions that violate certain prohibited personnel practices, the employee must first file a complaint in the [Office of Special Counsel (OSC)] before proceeding to the MSPB." *Id.* (citation omitted) (internal quotation marks omitted)

A mixed case can include only those "serious" personnel actions enumerated in 5 U.S.C. § 7512 that fall within the MSPB's "original jurisdiction." *Id.* at 243–44. In other words, "only those personnel actions that an employee can challenge before the MSPB in the first instance can serve as the basis for a mixed case." *Id.* In the less serious cases, a claimant must appeal an MSPB decision to the Federal Circuit or an appeals court of competent jurisdiction. *Id.* at 242.

Here, Pembleton filed a complaint with OSC that was dismissed, and she was advised of her right to appeal to the MSPB. The MSPB rejected her claims. Thus, her claims fall into the second category, and are unable to qualify as mixed claims. Thus, the Federal Circuit or an appeals court of competent jurisdiction, rather than this Court, would have jurisdiction over Pembleton's claims.

The Court will thus overrule Pembleton's objections and dismiss her CSRA and MSPB claims without prejudice.

***E. Whether the Court should dismiss the claims discussed in Section II.C.10 of the Report for lack of a private right of action***

This section of the Report recommends dismissal of a series of claims for a lack of private right of action.

Pembleton admits she lacks a provide right of action under 10 U.S.C. § 901, Article 107. The Court will thus dismiss this claim without prejudice.

As to the other causes of action listed in this section of the Report, Pembleton fails to argue they allow for a private right of action. Finding no error in the Magistrate Judge's determination, the Court will thus dismiss those claims without prejudice as well.

***F. Whether the Magistrate Judge properly determined Pembleton failed to allege an age discrimination claim in her amended complaint***

In a footnote, the Magistrate Judge determined Pembleton failed to raise an age discrimination claim in her amended complaint. *See* Report at 41 (citing *U.S. ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010) ("[I]t is well established that a plaintiff may not raise new claims after discovery has begun without amending [her] complaint."). Pembleton objects to this determination because discovery in this case has yet to begin.

Although *Owens* mentions discovery, "[i]t is well-established that parties cannot amend their complaints through briefing[,]" *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

Thus, the Court agrees with the Magistrate Judge and overrules this objection. If Pembleton wishes to pursue age discrimination claims, she may move to amend her operative complaint.

***G. Whether the Court should dismiss any failure to accommodate claim and discrimination claims relating to her termination for neglecting to exhaust her administrative remedies***

The Magistrate Judge recommended the Court dismiss any failure to accommodate claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102, *et seq.*, or Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and any discrimination claims related to her termination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, the ADA, or the Rehabilitation Act based on Pembleton's failure to exhaust her administrative remedies.

Although the Court had some difficulty parsing Pembleton's arguments as to these claims, it appears she contends exhaustion would have been futile, and the Equal Employment Opportunity Office (EEO) at her place of employment had a practice of burying claims of discrimination.

It therefore appears Pembleton fails to aver she has exhausted her remedies as to those claims, only that the Court should excuse the lack of exhaustion. She neglected to clearly raise this argument before the Magistrate Judge. And, Federal Defendants fail to address these new arguments.

"[F]iling a timely charge of discrimination with the [Equal Employment Opportunity Commission (EEOC)] is not a jurisdictional prerequisite to suit in federal court, but a requirement

that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Equitable tolling is available when either "the plaintiff[] w[as] prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant[s]," or "extraordinary circumstances beyond plaintiff[‘s] control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000) (citation omitted) (internal quotation marks omitted). Moreover, "[e]quitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987).

The Court determines Pembleton's arguments are best resolved at summary judgment, after the parties conduct discovery. The Court will therefore dismiss Federal Defendants' motion without prejudice as to these claims.

### *H. Whether the Court should dismiss Pembleton's exhausted Title VII claims*

The Court determines Pembleton's exhausted Title VII discrimination, retaliation, and hostile work environment claims are also best resolved on summary judgment, after discovery. Therefore, Court will also dismiss without prejudice Federal Defendants' motion as to those claims.

## V. THE RULINGS

As stated above, Pembleton also objects to the Magistrate Judge's Rulings on the nondispositive motions. The Court must treat Pembleton's challenges as an appeal of the Rulings. *See* 28 U.S.C. § 636(b)(1)(A) (allowing Magistrate Judges to rule on nondispositive issues).

When a Magistrate Judge issues an order in a civil case, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Court will reverse the Magistrate Judge's holdings only if it is "left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (quoting *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008)) (internal quotation omitted).

***A. Whether the Court should affirm the Rulings on the motion to clarify and the motion to oppose consolidation***

Pembleton insists the Magistrate Judge erred by granting Federal Defendants' motion to consolidate, and by denying her motions to clarify that holding. Federal Defendants maintain Pembleton fails to specifically address the Magistrate Judge's legal analysis, and thus neglects to offer a basis for rejecting these rulings.

Pembleton misunderstands the relief sought in Federal Defendants' motion to consolidate. She posits their motion served to consolidate Federal Defendants into a single case for trial, and cites case law explaining the standard for such an action.

But, such a motion to consolidate is inapplicable in this case, where Pembleton named all Federal Defendants in a single action. Thus, unless Pembleton moves to sever, any trial will already include all defendants.

Instead, Federal Defendants merely sought a consolidation of a single deadline. Because the Federal Defendants had been served at various times, their deadlines to answer were different. Federal Defendants sought to create a single deadline for their answers, because they would be filing jointly. Beyond extending the deadline to answer, the Magistrate Judge's order on Federal Defendants' motion had no impact on this case.

Accordingly, Pembleton's arguments in support of her motion fail, as they are inapplicable. The Court determines the Rulings on the motion to clarify and the motion to oppose consolidation are not clearly erroneous or contrary to law and will affirm them accordingly.

***B. Whether the Court should affirm the Ruling on the motion for reasonable accommodation***

Pembleton avers the Magistrate Judge erred by denying her motion for appointment of counsel as a reasonable accommodation in this matter. She states "[w]hile the Federal Court is not obligated by law, with the submission and true consideration of the Plaintiff's medical condition, it did in fact have the right to expeditiously respond and grant the [reasonable accommodation]." Objections at 34.

For the reasons explained by the Magistrate Judge, appointment of counsel is inappropriate in this case. And, Pembleton admits it is unrequired. Therefore, the Court determines the Ruling is not clearly erroneous or contrary to law and will affirm it accordingly.

## VI. CONCLUSION

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections as described above, adopts the Report to the extent described above, and incorporates it herein. Therefore, it is the judgment of the Court Federal Defendants' motion to dismiss and/or for summary judgment is **GRANTED IN PART AND DISMISSED WITHOUT PREJUDICE IN PART**, as explained above; and Pembleton's motion for default judgment is **DENIED**.

Therefore, Pembleton's claims, except any failure to accommodate claim and discrimination claims relating to her termination and her exhausted Title VII discrimination,

retaliation, and hostile work environment claims against Federal Defendants, are **DISMISSED WITHOUT PREJUDICE**.

Further, because claims against Union Defendants are dismissed from this case, Pembleton's motion to correct designation is necessarily **DEEMED AS MOOT**.

The Rulings are **AFFIRMED**.

Finally, this matter is **REFERRED BACK** to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

Signed this 30th day of January 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.