

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| WILLA A. PEMBLETON,<br>　　　　Plaintiff,<br><br>vs.<br><br>USAF, HONORABLE FRANK KENDALL *SECAF*; NAJEE CRAWFORD, *Director of Human Resources*; COREY DENSON; COMMANDER 20TH FW; COMMANDER 20TH FSS; FRANCIS FAPPIANO; CAPT. AMY A. ALLGOOD (ABRAMO); ERICA N. BROWN; JEROME C. BROWN; TANYA WYATT; CMSGT DONALD PEDRO; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES; COMMANDER, 20TH LOGISTICS READINESS SQUADRON; and SECRETARY OF THE AIR FORCE,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 3:22-3989-MGL |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Willa A. Pembleton (Pembleton), a former federal employee who is representing herself, filed this civil action, alleging employment discrimination through a variety of causes of action. Because the only proper defendant in a federal employment case is the federal agency or department head, the Court will substitute Defendant Secretary of the Air Force (the Secretary) as

the sole defendant in this case. Therefore, all other named defendants are dismissed without prejudice.

This matter is before the Court for review of the Report and Recommendation (Report) of the Magistrate Judge recommending the Court grant the Secretary's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court, however, need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record to accept the recommendation'").

The Magistrate Judge filed the Report on December 9, 2024. Pembleton filed objections on January 23, 2025, and a supplement on February 18, 2025. The Secretary replied on March 3,

2025.  The Court has reviewed Pembleton's objections and supplement de novo but holds them to be without merit.  It will therefore enter judgment accordingly.

Pembleton, a former employee of the Air Force, alleges the Secretary discriminated against her.  She asserts this resulted in disciplinary action and, ultimately, her termination.  The Report sets out a comprehensive description of the facts, which the Court incorporates as necessary into its analysis below.

First, Pembleton advances wide-ranging oppositions to the introductory and factual sections of the Report.  The Court, however, has reviewed the evidence submitted by the parties and concludes the Report accurately reflects the Magistrate Judge's attempt to succinctly summarize such evidence within the appropriate standard of review.  Therefore, the Court will overrule these objections.

Second, Pembleton contends the Secretary "blatantly lies that [her] [Equal Employment Opportunity Commission (EEO)] complaint was based on prior EEO activity of June 2008 and 2013."  Pembleton's Objections at 46.  Pembleton is presumably referencing the following paragraph in the Report:

> Here, it appears [Pembleton] has exhausted her claims that based on her filing of EEO complaints in June 2008 and November 2013 that she was retaliated against 1) in January 2019, when the [Disability Program Manager] duties including training were reassigned; 2) in February 2019, when she experienced various forms of harassment; and 3) in March 2019, when she received a reprimand and was placed on a [Performance Improvement Plan].

Report at 24.  Pembleton's objection, however, appears to misconstrue the Report and reflect her misunderstanding of the elements required to establish a retaliation claim.  This paragraph of the Report properly identifies the protected activity in which Pembleton engaged—filing the EEO complaints in June 2008 and November 2013—and the resulting adverse actions she allegedly suffered.  Accordingly, the Court will overrule this objection, too.

3

Third, Pembleton posits the Magistrate Judge erroneously failed to address the merits of her Rehabilitation Act claim for failure to accommodate. But, it was unnecessary for the Magistrate Judge to do so, as Pembleton neglected to exhaust her administrative remedies regarding this claim. *See Koch v. White*, 744 F.3d 162, 165 (D.C. Cir. 2014) (noting a federal employee generally must exhaust his administrative remedies before bringing a claim under the Rehabilitation Act). The Court will thus overrule this objection, as well.

Fourth, Pembleton avers the Court should deny the Report under the doctrine of detrimental reliance. Pembleton, however, is unable to assert a new claim through objections to the Report. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990))). But, even if the Court were to construe this objection as a motion for leave to amend the complaint, South Carolina has yet to recognize detrimental reliance as a cognizable claim under state law. *See Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 628 S.E.2d 902, 912 (S.C. Ct. App. 2006) (explaining detrimental reliance is merely an element of estoppel). Therefore, the Court will also overrule this objection.

Although Pembleton raises other objections, the Court determines they are either addressed in the above analysis or so lacking in merit as to make a discussion of them unnecessary. Even still, the Court has reviewed the Report and record de novo and found no error.

For all these reasons, the Court overrules Pembleton's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Secretary's motion for summary judgment is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 19th day of March 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.